## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **REDUCE SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:21-cr-96(1) |
| CJ Jessie James Carruthers, | ) | |
| | ) | |
| Defendant. | ) | |

---

Defendant CJ Jessie James Carruthers moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. Doc. 140. The United States opposes the motion. Doc. 144. For the reasons below, the motion is denied.

In 2021, Carruthers pleaded guilty to a Hobbs Act robbery charge that involved the shooting of a six-year-old boy in the head while the boy slept in his bedroom. Docs. 62, 63. The presentence investigation report calculated his sentencing guideline range as 97 to 121 months, based on a total offense level of 28 and a criminal history category III. Doc. 86. He had 3 criminal history points, plus 2 status points under United States Sentencing Guideline § 4A1.1(d), for a total of 5 criminal history points. Id. Carruthers was sentenced to 120 months in prison. Doc. 101.

Under 18 U.S.C. § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of

later enacted adjustments to the judgments reflected in the Guidelines." Dillon v. United States, 560 U.S. 817, 828 (2010). But the exception is limited; it "does not authorize a resentencing." Id. at 831. "It permits a sentence reduction within the narrow bounds established by the Commission." Id. In deciding whether to reduce a sentence based on a retroactive amendment to the United States Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the reduction authorized by the amendment and then consider whether such a reduction is warranted under 18 U.S.C. § 3553(a). Dillon, 560 U.S. at 826.

Carruthers seeks a sentence reduction under Part A of Amendment 821. This portion of Amendment 821 lowers the number of "status points" received under United States Sentencing Guideline § 4A1.1 for individuals who commit their offense while under a criminal justice sentence. Applying the new provision to Carruthers, he would receive 0 status point instead of 2, reducing his total criminal history points from 5 to 3. This lowers his criminal history category from an III to an II and reduces his sentencing guideline range to 87 to 108 months.

The United States does not dispute that Carruthers is eligible for a sentence reduction under Part A. But it argues the 18 U.S.C. § 3553(a) factors weigh against granting the reduction because of, among other things, the physical and psychological trauma the six-year-old victim suffered because of Carruthers's crime. Doc. 144. And the Court agrees. The nature and circumstances of this specific offense, which caused traumatic and lifelong injuries to a young child, continues to weigh strongly in favor of a 120-month sentence. After careful review, the § 3553(a) factors, including the nature and circumstances of the offense and the need to afford adequate deterrence for similar crimes, weigh against a reduction.

Although Carruthers is eligible for a sentence reduction under § 3582(c)(2) and the retroactive application of Part A of Amendment 821 to the Sentencing Guidelines, the sentencing

factors in 18 U.S.C. § 3553(a) strongly weigh against a reduction. His motion (Doc. 140) is **DENIED**.

      **IT IS SO ORDERED**.

Dated this 12th day of May, 2025.

                                    */s/ Peter D. Welte*
                                    Peter D. Welte, Chief Judge
                                    United States District Court